UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA E. WILLIAMS, ) | |
| ) | |
|     Petitioner ) | |
| ) | |
| v. ) | No. 3: 06cv0008 AS |
| ) | |
| A. PAZERA, ) | |
| ) | |
|     Respondent ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about January 4, 2006, this pro se petitioner, Joshua E. Williams, incarcerated in the Maximum Correctional Facility in Westville, Indiana (MCF), filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on August 15, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

This petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was the subject of a prison disciplinary proceeding are designated as WCU 05-08-1115. The sanction here included an 180-day deprivation of earned credit time and a credit class demotion from credit class I to credit class II, which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v.*

*McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

There has been filed in camera here confidential file exhibits from Internal Affairs File 05-ISP-206-OC which this court has taken the trouble to examine under the mandates of *Mendoza v. Miller*, 779 F.2d 1287 (7th Cir. 1985), *cert. denied*, 476 U.S. 1142 (1986). This petitioner's claim with regard to being provided with a lay advocate is simply well beyond the demands of *Wolff*. The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally the ADP are a species of state law for these purposes. *See Hester v. Mc Bride*, 966 F. Supp. 765 (N.D. Ind. 1997). There also needs to be a reminder from *Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992) with regard to such things. There is no claim here that this petitioner is illiterate. In fact, he filed two administrative Appeals that were quite understandable. There is no indication that he is illiterate.

The Attorney General has placed before this Court a series of documents designated A through O, both inclusive, which explicate in great detail the proceedings involved. This court concludes that there is no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

DATED:  September 27, 2006

                                           **S/ ALLEN SHARP**
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**